UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA RUBY LOYOLA DE RIOS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CAUSE NO. SA-12-CA-229-FB |
| | § | |
| TRANS UNION, LLC and DOE RECORDS VENDOR, | § | |
| | § | |
| | § | |
| Defendants | § | |

## SHOW CAUSE ORDER

Before the Court is Plaintiff's *in forma pauperis* (IFP) Application. (Docket Entry 1.) IFP proceedings are governed by 28 U.S.C. § 1915. Section 1915 provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not present "enough facts to state a claim to relief that is plausible on its face,"—in other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007); *see* FED. R. CIV. P. 12(b)(6). A conclusory complaint that fails to refer to material facts may be dismissed either as frivolous, *see e.g. Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006).

This case is one of at least nine actions that Plaintiff has brought against various financial institutions alleging violations of the Fair Credit Report Act (FCRA), 15 U.S.C. §§ 1681e(b), 1681i, and related statutes.[1] In each FCRA case, Plaintiff has alleged that minor discrepancies in a credit report have caused her harm, either in her credit rating or through out-of-pocket expenses. In this case, for instance, she claims that she was harmed in unspecified ways by Defendants' failure to ensure the accuracy of her credit report, by failing to investigate and report discrepancies in the opening dates of two accounts (October 1, 2005, and February 1, 2006, as opposed to October 26, 2005, and February 9, 2006, the latter two dates being those on which she alleges that application documents were signed).[2] Plaintiff does not explain, however, why these discrepancies were relevant, and she does not allege facts to show how they caused her any expenses, or harmed her credit score.[3] In addition to the FCRA, Plaintiff makes reference to the Texas Business and

---

[1] *See Loyola de Rios v. Bank of America National Association*, No. SA-11-CA-537-FB; *Loyola de Rios v. First Premier Bank, et al.*, No. SA-11-CA-541-FB; *Loyola de Rios v. Wells Fargo Bank National Association*, No. SA-11-CA-542-OLG; *Loyola de Rios v. First Premier Bank, et al.*, No. SA-11-CA-744-FB; *Loyola de Rios v. GE Capital Bank, et al.*, No. SA-11-CA-906-XR; *Loyola de Rios v. Experian Corporation, et al.*, No. SA-11-CA-1067-OLG; *Loyola de Rios v. Trans Union, LLC, et al.*, No. SA-11-CA-1068-OLG. *See also Loyola de Rios v. Southwestern & Pacific Specialty Financial, Inc., et al.*, No. SA-12-CA-189-XR (claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*).

[2] Docket Entry 1, attachment 1, at 11.

[3] Plaintiff also claims that Defendant violated the FCRA "by not reporting the complete and accurate name of Plaintiff Maria Ruby Loyola De Rios." *Id.* at 9. Again, Plaintiff does not allege how this was relevant or in any way harmful. The Court notes that a similar allegation regarding Plaintiff's name was recently dismissed with prejudice in another one of her cases. See *Loyola de Rios v. Wells Fargo Bank National Association*, No. SA-11-CA-542-OLG, Report and Recommendation (W.D. Tex. Dec. 21, 2011), Order Adopting Report and Recommendation (W.D.Tex. Mar. 21, 2012).

Commerce Code, and the Texas Deceptive Trade Practices Act,[4] and she asserts the Court's pendent jurisdiction under 28 U.S.C. § 1367, but she states no state-law cause of action. She also fails to state any cause of action against Defendant Doe Records Vendor.[5]

The FCRA allows consumer reporting agencies to terminate an investigation of disputed information "if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant." 15 U.S.C. § 1681i(a)(3)(A). Plaintiff acknowledges that Defendant Trans Union, LLC, notified her that the dispute was frivolous,[6] but she does not explain why this determination was in any way unreasonable, erroneous or harmful. She simply asserts, in a conclusory fashion, that the Defendant's actions violated the FCRA.

Plaintiff must SHOW CAUSE why this case should not be dismissed for failure to state a claim, or otherwise be dismissed as frivolous. To make this showing, Plaintiff must amend her pleadings to allege facts showing (1) that Defendant Trans Union unreasonably determined her dispute to be irrelevant or frivolous, and (2) that she was harmed as a result. Additionally, Plaintiff must set out any pendent state causes of action she may have, and set out a cause of action against Defendant Doe Records Vendor.[7] Plaintiff must amend her pleadings and make the required showing within **14 days** of this Order.

Consideration of Plaintiff's application for *in forma pauperis* status is **STAYED** pending a

---

[4] Docket Entry 1, attachment 1, at 2–4.

[5] In her jurisdictional statement, Plaintiff refers to Jane Doe #1, John Doe #2, and Defendant Experian, but they are not named as parties in the case. *Id* at 2–3, 4–5.

[6] *Id.* at 10.

[7] The Court notes, however, that even if Plaintiff does include pendent state-law causes of action in her amended complaint, the Court retains discretion to dismiss those pendent claims if the federal causes of action are dismissed. *See* 28 U.S.C. § 1367(c)(3).

3

response to this Order. Plaintiff is advised that a failure to respond to this Order will subject her case to dismissal under Federal Rule of Civil Procedure 41(b).

It is so **ORDERED**.

**SIGNED:** June __11__, 2012.

_____
HENRY J. BEMPORAD
United States Magistrate Judge